# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH C. VERBOSKY,<br>        Plaintiff,<br><br>      v<br>BLACKHAWK SCHOOL DISTRICT,<br>        Defendant. | )<br>)<br>)<br>) 2:13-cv-632<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (ECF No. 22), with brief in support. Plaintiff filed a response in opposition to the motion and it is ripe for disposition.

Factual and Procedural Background

Plaintiff Joseph C. Verbosky ("Verbosky"), age 57, is employed by Defendant Blackhawk School District ("Blackhawk") as a Physical Education teacher. Verbosky alleges that, due to his age, Blackhawk failed to promote him to three separate administrative positions (Middle School Principal, High School Dean of Students and Assistant High School Principal) in violation of the Age Discrimination in Employment Act ("ADEA") and Pennsylvania Human Relations Act ("PHRA"). The instant motion involves only the ADEA claim regarding the Dean of Students position.

In the Second Amended Complaint, Verbosky avers that on August 9, 2011 Blackhawk announced an opening for the Dean of Students position; that he applied the same day; and that on August 19, 2011 he was notified that a younger person had gotten the job. For the purpose of this Memorandum Opinion, this incident will be referenced as the "August 19th action."

On May 23, 2012 (278 days after the August 19th action), Verbosky completed an EEOC Intake Questionnaire. The Intake Questionnaire did not reference the August 19th action at all. However, in the Intake Questionnaire Verbosky did allege that he was passed over for the Dean of Students position on "27 May 2011" (the "May 27th action"). The Intake Questionnaire does not reference a failure to promote regarding the Dean of Students position in August 2011, as the only date referenced therein is May 27, 2011.[1] The May 27th action is not referenced in the Second Amended Complaint.

On July 30, 2012 (346 days after the August 19th action), Verbosky filed a formal charge of discrimination with EEOC and PHRC, which explicitly referenced the August 19th action. In the first paragraph of the formal charge, Verbosky alleged that he had "applied for promotion to three different positions in the past year, [but] in every instance the position was awarded to a younger candidate." Verbosky further stated that on August 19, 2011 he received an email stating that another candidate had received the Dean of Students position. The formal charge further stated that Andy Hedrick (aged mid-30s) had received the Dean of Students position, and that "when the Dean of Students position was eliminated, Mr. Hedrick was the successful candidate for the High School Assistant Principal position." The May 27th action is not referenced in the formal charge of discrimination.

Legal Analysis

The sole question now before the Court is whether Verbosky filed a timely charge of discrimination regarding the August 19th action of failing to promote him to the Dean of Students position. Plaintiff contends that the August 19th action was fairly within the scope of the timely

---

[1] The Intake Questionnaire also describes alleged age discrimination regarding the Middle School Principal position which occurred on "3 Aug 2011."

2

Intake Questionnaire he submitted. Defendant contends that the August 19th action was not identified until the formal charge (outside the 300-day window), such that the claim is time-barred. In response, Plaintiff argues that his allegations regarding the August 19th action in the formal charge of discrimination should "relate back" to the date of the Intake Questionnaire.

The parties are in general agreement regarding the legal principles which govern this matter. The Intake Questionnaire and formal charge are authentic and may be considered by the Court in ruling on the motion to dismiss. A Plaintiff must exhaust his administrative remedies prior to filing an employment discrimination lawsuit in federal court. In Pennsylvania, a charge of discrimination must be filed with the EEOC and/or PHRC within 300 days of the alleged unlawful employment practice. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013). The time period (i.e., accrual date) begins to run on the date when the Plaintiff knows or reasonably should know that the discriminatory act occurred. *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1386 (3d Cir. 1994). The Intake Questionnaire submitted by Verbosky on May 23, 2012 was timely filed within the 300-day window (278 days after the August 19th action). An Intake Questionnaire can constitute a charge of discrimination if it can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee." *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

The crux of the disagreement between the parties is whether the Intake Questionnaire encompassed the failure to promote Verbosky to the Dean of Students position on August 19, 2011. An alleged failure to promote is a "discrete act" which constitutes a "separate actionable unlawful employment practice." *Mandel*, 706 F.3d at 165. An alleged failure to promote Verbosky to the Dean of Students position on May 27th would be discrete and separately

3

actionable from an alleged failure to promote Verbosky to that same position on August 19th. The Intake Questionnaire identified only the May 27th action. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id*. (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)). Thus, the Intake Questionnaire did not constitute a timely EEOC/PHRC charge regarding the August 19th action. *See Jones v. Denver Post Corp.*, 203 F.3d 748, 754-55 (10th Cir. 2000) (EEOC charge regarding an alleged failure to promote in May did not exhaust employee's administrative remedies regarding an alleged failure to promote in February); *Ross v. City of Independence, MO*, 76 Fed. Appx. 108, 2003 WL 22162375 (8th Cir. 2003) (and cases cited therein) (holding that each non-promotion was a discrete event, even though they occurred on the same day).

Nor is the Court convinced by Plaintiff's alternative argument that the formal charge should "relate back" to the date of the Intake Questionnaire. Verbosky relies on 29 C.F.R. § 1601.12(b), which provides that amendments to cure technical defects or omissions or to allege "additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." Verbosky is represented by skillful and experienced counsel and has had an opportunity to amend his complaint in this case on multiple occasions. Despite these opportunities, Verbosky has not attempted to establish that the reference in the Intake Questionnaire to "27 May 2011" was a technical defect or typographical error. Nor has Verbosky alleged any plausible basis to believe that the August 19th action was related to or grew out of the May 27th action. To the contrary, Plaintiff's counsel implicitly recognizes that they were separate events and explains that the formal charge presumably did not reference the May 27th action because it occurred almost one year before Verbosky filed his Intake Questionnaire. Plaintiff's Brief at 2 n.1. Based

4

on all of the information presented to the Court (and to the EEOC/PHRC) it appears that the May 27th failure to promote and the August 19th failure to promote were two discrete actions taken three months apart, even though they involved the same job title.  In sum, Verbosky failed to timely exhaust his administrative remedies regarding the August 19th failure to promote him to the Dean of Students position and his ADEA claim regarding that action will be dismissed.

Conclusion

In accordance with the foregoing, DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (ECF No. 22) will be **GRANTED** and Plaintiff's ADEA claim regarding the Dean of Students position will be dismissed.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH C. VERBOSKY,**<br>    **Plaintiff,**<br><br>v<br><br>**BLACKHAWK SCHOOL DISTRICT,**<br>    **Defendant.** | )<br>)<br>)<br>) 2:13-cv-632<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 1st day of November, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (ECF No. 22) is **GRANTED** and Plaintiff's ADEA claim regarding the Dean of Students position is **DISMISSED**.

Defendant shall file its Answer as to the remaining claims on or before November 15, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:   **Samuel J. Cordes, Esquire**
      Email: scordes@cordeslawfirm.com
      **Christine T. Elzer, Esquire**
      Email: celzer@cordeslawfirm.com

      **Frank G. Adams, Esquire**
      Email: fadams@peacockkeller.com
      **Susan T. Roberts, Esquire**
      Email: Sroberts@peacockkeller.com
      **Anthony M. Fitzpatrick, Esquire**
      Email: afitzpatrick@peacockkeller.com